**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Case No.:

**NASIR S BONNER**

    **Plaintiff,**                                                                                    **COMPLAINT**

**v.**

**L.J. MARCHESE CHEVROLET, INC.,**

                                     **DEMAND FOR JURY TRIAL**

    **Defendants.**

_____/

## COMPLAINT

Plaintiff Nasir S Bonner ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant L.J Marchese Chevrolet, Inc. ("Defendant") pursuant to the Truth in Lending Act, 15 U.S.C § 1601 *et seq.* ("TILA").

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, as the cause of action arises under TILA, a federal statute.

2.     Venue in this District is proper and this Court has personal jurisdiction over Defendant because Defendant is headquartered in Orange County, New York.

### DEMAND FOR JURY TRIAL

3.     Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

### PARTIES

4.     Plaintiff is a natural person, and a citizen of the State of New York, residing in Montgomery County, New York.

5.     Defendant is a New York Corporation with its principle place of business located in Fort Montgomery, New York.

## GENERAL ALLEGATIONS

6.      On about April 12, 2025, Plaintiff purchased a 2021 Dodge Durango from Defendant, with VIN 1C4SDJCTXMC848870 ("the Vehicle").

7.      At the time of the transaction, Defendant included additional products and charges in the sale, including but not limited to service contracts, warranties, insurance products, and/or ancillary items (the "Add-On Products").

8.      Plaintiff did not knowingly request or agree to purchase one or more of these Add-On Products.

9.      These improper Add-On Products can be identified as follows:

    **a.** Service Contract;

    **b.** Documentation Fee; and

    **c.** Vehicle Inspection Fee

10.     Upon information and belief, Defendant represented that certain Add-On Products were required or necessary for financing approval.

11.     The costs of these Add-On Products were included in the amount financed.

12.     The inclusion of these charges increased the total amount financed and the finance charge associated with the transaction.

13.     Defendant failed to clearly and accurately disclose the nature, cost, and optional status of the Add-On Products.

14.     Defendant failed to accurately itemize the amount financed.

15.     After consummating the credit sale, Plaintiff discovered that the transaction included charges for products and services she did not knowingly authorize.

**COUNT I**
**DEFENDANT'S VIOLATION OF THE TRUTH IN LENDING ACT**
(15 U.S.C. § 1601 *et seq.* TILA)

16.     Plaintiff incorporates by reference the allegations in paragraphs ¶¶ 1-15 of this Complaint.

17.     Defendant was required to make the disclosures required by 16 U.S.C. § 1638 prior to consummating the sale of the vehicle.

18.     Defendant failed to accurately disclose the amount financed.

19.     Specifically, Defendant included charges for Add-On Products that Plaintiff did not knowingly authorize or agree to purchase.

20.     Defendant failed to properly and accurately itemize the amount financed in violation of 15 U.S.C. § 1638 and 16 CFR § 226.18 (b) and (c).

21.     Defendant failed to accurately disclose the applicable finance charge as required by 15 U.S.C. § 1638 and Reg Z, 16 CFR § 226.18(d).

22.     By falsely and inaccurately misstating the finance charge and amount financed due to the inclusion of unauthorized and/or improperly disclosed add-on products, Defendant violated 15 U.S.C. § 1638(a)(3), thereby entitling Plaintiff to recover statutory damages under 15 U.S.C. § 1640, including twice the finance charge and actual damages.

23.     Defendant is liable to Plaintiff for actual and statutory damages to be determined at trial, costs, and attorney fees in accordance with 15 U.S.C. § 1640.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, respectfully, prays that this Honorable Court:

A.     Enter Judgment in favor of Plaintiff against Defendant or all reasonable damages sustained by Plaintiff for Defendant's violations of the TILA;

B. Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

C. Award Plaintiff reasonable attorneys' fees and costs, as allowed by law; and

D. Grant such other and further relief, in law or equity, as this Court deems just and proper.

Dated: April 2, 2026

Respectfully Submitted,

/s/ *Zane C. Hedaya*                .
**ZANE C. HEDAYA, ESQ.**
New York Bar No.: 6135339
E-mail: zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 813-340-8838

COUNSEL FOR PLAINTIFF